[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: December 14, 1993 Date of Application: December 14, 1993 Date Application Filed: December 30, 1993 CT Page 13326 Date of Decision: September 26, 2000
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
Docket No. CR92-418290.
Margaret Levy, Defense Counsel, for Petitioner.
Sandra Tulius, Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION
Following a jury trial, the then 34 year old petitioner was convicted of robbery, 1St degree as a persistent dangerous felony offender; assault 3rd degree, threatening, attempted escape from custody as a persistent serious felony offender. (After being found guilty by the jury the petitioner pleaded guilty to the two part B Informations charging him with being a persistent dangerous felony offender and being a persistent serious felony offender. He also pleaded guilty to criminal mischief 3rd degree.
He was sentenced as follows:
1. Robbery, 1st degree (persistent dangerous felon) 25 years
2. Assault, 3rd degree 1 year concurrent
3. Criminal mischief 3rd degree 6 months-concurrent
4. Threatening 1 year-concurrent
5. Attempted escape from custody 20 years, execution (Persistent serious felon) suspended after 10 years with probation for 5 years
The total effective sentence being 45 years, execution suspended after 35 years, 5 years probation. CT Page 13327
The factual basis for these convictions is as follows: On January 17, 1992, the victim was leaving a bank with a companion when the petitioner appeared and demanded her purse. She refused and the petitioner showed her a knife and threatened to kill her if she did not hand over her purse. At that point the victim dropped her purse and fled on foot. Two witnesses passed by and saw Henderson pick up the purse and pursued him on foot, and struggled with him to hold him for the police. The police arrived and Henderson continued to struggle, but they managed to subdue and arrest him. En route to detention, Henderson kicked out the rear window of the police car and tried to escape through it, and he was again physically restrained.
In asking the Division to reduce his sentence, his attorney argues the sentence is disproportionately long for the crime and claims the assistant state's attorney used improperly inflammatory language which influenced the Court to impose an unfairly lengthy sentence.
The petition remarked that his drug addiction was the root cause of his criminal behavior and the Court should have given more consideration to that factor.
In rebuttal the assistant state's attorney points to the serious nature of the crime, the use of a knife, the threats and states that, as a persistent dangerous felon, the sentence is warranted.
Whatever the reason, the petitioner has shown himself to be a continuing threat to citizens within the community. He has approximately 22 prior convictions, 10 of which are felony convictions. Approximately 11 involve weapons and violence. There are several robbery convictions or arrests and lengthy prison sentences have not deterred his dangerous criminal activity.
In the petitioner's case, the overriding purpose in imposing a sentence is the need to protect the citizenry from his criminal and violent behavior. In such a case, a lengthy sentence is appropriately imposed.
Our authority modifying a sentence is found in the provisions of Practice Book § 43-28. Giving consideration to the criteria of the Practice Book, the Division concludes the sentence is neither disproportionate nor inappropriate. It is, therefore, affirmed.
KLACZAK, J.
IANNOTTI, J.
Klaczak and Iannotti, J's, participated in this decision. CT Page 13328
(The petitioner expressly waived his right to a hearing before a three judge panel and voluntarily stipulated to a hearing before two judges).